UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21062-WILLIAMS/REID

KING OCEAN SERVICES, LTD.,

    Plaintiff,

v.

ZIEGLER LOGISTICS & CO., CORP.,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON
# MOTION FOR FINAL DEFAULT JUDGMENT

This cause is before the Court on Plaintiff King Ocean Services, LTD's ("Plaintiff") Motion for Final Default Judgment (the "Motion"). [ECF No. 10]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 11]. For the reasons addressed below it is **RECOMMENDED** that the Motion be **GRANTED.**

## BACKGROUND

This is a maritime breach of contract action. Plaintiff, a vessel operating common carrier, alleges that Defendant, Ziegler Logistics & Co., Corp. ("Defendant") failed to pay Plaintiff for ocean freight and related charges. *See generally* [ECF No. 1]. Specifically, at Defendant's request, Plaintiff "transported goods aboard ocean vessels from Port Everglades, Florida, to Puerto Cabello, Venezuela, and La Guaira, Venezuela, and delivered said goods to the named consignees" from November 2022 through February 2023. [*Id.* at ¶ 5]. Plaintiff invoiced the ocean freight and related charges on bills of lading. [*Id.* at ¶ 6; ECF No. 1-1]. The bills of lading issued by Plaintiff include

1

the terms and conditions of the contract. [ECF No. 1 at ¶ 8; ECF No. 1-1]. The bills of lading define "merchant" as "the shipper, holder of this bill of lading, consignee, receiver of the Goods and any person owning or entitled to the possession of the Goods or of this bill of lading." [ECF No. 1 at ¶ 10; ECF No. 1-2]. Moreover, the terms and conditions of the bills of lading state that "[m]erchant shall be jointly and severally liable to Carrier for the performance of the obligations hereunder, including payment of all freight, demurrage, General Average and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due Carrier." [ECF No. 1 at ¶ 13; ECF No. 1-2]. Defendant appears as the shipper in all bills of lading. [ECF No. 1 at ¶ 7; ECF No. 1-1].

Plaintiff demanded payment from Defendant for the charges detailed in the bills of lading, but Defendant failed to pay. [ECF No. 1 at ¶ 12]. Consequently, Plaintiff filed the instant Complaint on March 19, 2023, in which Plaintiff asserts one count of breach of contract. *See* [ECF No. 1]. On April 15, 2023, Plaintiff properly served Defendant in accordance with Federal Rule of Civil Procedure 4.[1] Defendant has not filed any response to the Complaint, and after Plaintiff filed a Motion for Clerk's Entry of Default, the Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). [ECF Nos. 7; 8].

---

[1] The Return of Service states that the process server served Juan Jose Carrasquero, who is an officer of the Defendant according to the most recent Florida Profit Annual Report, by leaving copies of the civil cover sheet, summons, and Complaint at his residence with a member of his household. [ECF No. 6]. Further, Plaintiff has provided in its Motion an affidavit from the attorney attesting to proper service, a copy of the Amended Annual Report filed by Plaintiff, and skip trace results. [ECF 10-4; 10-5; 10-6]. This is proper service. *See* Fed. R. Civ. P. 4(e)(1), Fed. R. Civ. P. 4(h)(1)(B), Section 607.0501, Fla. Stat., and Section 48.081, Fla. Stat.

Plaintiff now moves for entry of default judgment against Defendant for $50,750.12, comprised of $50,150.00[2] in damages for ocean freight and related charges, and $600.12 in taxable costs. In support of its request, Plaintiff has provided invoices, a sworn statement from its representative, and the bills of lading terms and conditions. [ECF Nos. 10-1; 10-2; 10-3].

## LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan 13, 2021). Rule 55(b)(2) provides that a court may enter default judgment against a defendant who has failed to defend the lawsuit. *See* Fed. R. Civ. P. 55(b)(2).

"A defendant's default alone does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has explained that there is a sufficient basis in the pleadings when the complaint could survive a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245

---

[2] Plaintiff had initially requested in the Complaint $57,600.00 in damages but deducted $7,450.00 that Defendant paid Plaintiff after the filing of the Complaint. Thus, the remaining balance owed to Plaintiff in damages is $50,150.00.

(11th Cir. 2015). When a defendant defaults, they are deemed to have admitted the plaintiff's well-pleaded factual allegations. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

## DISCUSSION

**A. Breach of Contract Claim**

Here, the well-pleaded facts in the Complaint are sufficient to state a plausible claim for relief for breach of contract. "A bill of lading is essentially a contract." *Maersk Line A/S v. Haribo Food 2004, Inc.*, No. 20-20666-Civ, 2020 U.S. Dist. LEXIS 132542, at *5 (S.D. Fla. July 24, 2020). Further, "[i]f 'a bill of lading requires substantial carriage of goods by sea,' it is a maritime contract, which is subject to federal jurisdiction." *Id.* (quoting *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 27 (2004)). "The elements of a breach of contract claim under Florida law and admiralty law are the same: 'a plaintiff must prove (1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages.'" *American Marine Tech., Inc. v. M/Y Alchemist*, 526 F. Supp. 2d 1236, 1247 (S.D. Fla. 2021) (quoting *Sweat Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005)). Contract formation requires the "following elements: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.* (internal quotation marks and citation omitted).

The Court has carefully reviewed the Complaint and supporting documentation and concludes that Plaintiff has established a claim for breach of contract that would survive a motion to dismiss. Plaintiff demonstrates that a contract was formed through the bills of lading where Plaintiff agreed to transport goods for Defendant to Venezuela for a fee. *See Maersk Line A/S v. Rapid Tow, Ltd. Liab. Co.*, No. 19-23585-Civ, 2019 U.S. Dist. LEXIS 215536, at *6 (S.D. Fla. Dec. 13, 2019) (finding that although some essential terms were missing such as whether insurance was required "[w]hen coupling the allegations with Plaintiff's standard set of terms that govern

4

bills of lading, there is sufficient evidence that Plaintiff offered to transport Defendant's cargo for a fee, that Defendant accepted the offer, that Defendant breached the agreement, and that Plaintiff suffered damages."). Plaintiff has also adequately alleged Defendant's breach of the contract. The terms of the contract were sufficiently clear from the terms and conditions on the back of each bill of lading, which Defendant breached "by failing to compensate [Plaintiff] for the ocean freight and related charges earned by the carrier" following Plaintiff's performance under the contract of "transporting cargo for [Defendant] and delivering said goods to the named consignee." [ECF No. 1 at ¶¶ 16–18]. Additionally, Plaintiff has also set forth the reasonable value of the purported damages through the charges encapsulated on the bills of lading. *See* [ECF No. 10-2].

As such, these facts, which are deemed admitted because of Defendant's default, are sufficient to establish a claim for maritime breach of contract and hold Defendant liable for the $50,150.00 in damages for ocean freight and related charges. *See Maersk Line A/S*, 2020 U.S. Dist. LEXIS 132542, at *7–8 (entering default judgment in Plaintiff's favor because "Plaintiff has produced invoices detailing what Defendants owe Plaintiff for its services. Plaintiff has also submitted affidavits in support of its motion. [Thus,] Plaintiff's well-pleaded allegations meet all the requirements of a breach of maritime contract claim.").

### B. Costs

Plaintiff also seeks to recover $600.12 in taxable costs. [ECF No. 10 at 8]. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are

those specified in 28 U.S.C. § 1920. *Id.* Therefore, rule 54(d) "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a United States Court may tax as costs the following:

> (1) fees of the clerk and marshal;
> (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) fees related to printing and witnesses;
> (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) docket fees []; and
> (6) compensation of court appointed experts [and fees related to interpretation services].

28 U.S.C. § 1920(1)–(6).

The party requesting costs bears the burden of submitting a request, which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Plaintiff seeks a total of $600.12 in costs divided as follows: (1) $402.00 filing fee; and (2) $198.12 for service of process. [ECF No. 10-1 at 2]. Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost. Moreover, Plaintiff is also entitled to the $198.12 process server fee. "In relevant part, the Eleventh Circuit has held that private process fees may be recoverable pursuant to § 1920(1) if the fees do not exceed the rate charged by the U.S. Marshals Service." *Am. Marine Tech., Inc. v. M/Y Alchemist*, No. 19-CV-60636-SINGHAL/VALLE, 2022 U.S. Dist. LEXIS 163986, at *23 (S.D. Fla. Sep. 9, 2022) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). "The current rate charged by the U.S Marshals Service is '$65 per hour (or portion thereof) for each item served . . . plus travel costs and out of pocket expenses'" *Id.* (quoting

28 C.R.F. § 0.114(a)(3)). Here, Plaintiff attempted to serve Defendant's registered agent, Hector Ziegler, on three separate occasions but failed because Ziegler was out of the country. [ECF No. 5; ECF No. 10-4]. Plaintiff ultimately successfully served Juan Jose Carrasquero, one of Defendant's officers. [ECF No. 6; ECF No. 10-4]. In total, Plaintiff attempted service of process on four occasions; thus, each service of process was less than $65 (198.12/4 = 49.53). *See Venus Concept USA Inc. v. Smith High Inc.*, No. 1:21-cv-21558-KMM, 2022 U.S. Dist. LEXIS 178216, at *12 (S.D. Fla. Sep. 28, 2022) ("Plaintiff can recover no more than $65.00 per service, thus Plaintiff can recover $130.00 in total in fees for service of process."); *see also Caplan v. C4S LLC*, No. 22-cv-20285-ALTMAN/REID, 2023 U.S. Dist. LEXIS 59148, at *6 (S.D. Fla. Apr. 4, 2023) ("Although one of three invoices made in connection with Plaintiff's incidents of service exceeds $65.00 per hour, the invoice was for two different delivery attempts after the process server could not properly serve C4S."); *Maersk Line A/S*, 2019 U.S. Dist. LEXIS 215536, at *9 ("While Plaintiff should have provided an invoice of this cost, there are two affidavits presented on how $120 was used to serve the complaint and effectuate service of process."); *Maersk Line A/S*, 2020 U.S. Dist. LEXIS 132542, at *9 (awarding $250 in service of process fees). Thus, this Court finds that Plaintiff is entitled to $600.12 in costs.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Final Default Judgment [ECF No. 10] be **GRANTED**. Plaintiff shall recover from Defendants as follows:

    a. $50,150.00 in damages for unpaid ocean freight and related charges; and

    b. $600.12 in taxable costs.

A party shall serve and file written objections, if any, to this Report and Recommendation

with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

    **SIGNED** this 29th day of December, 2023.

                                                        LISETTE M. REID
                                                        UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Kathleen M. Williams**; and

        **All Counsel of Record**